USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/15/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
IN RE:                                                                  :
                                                                        :
                                                                        :
AMR CORPORATION                                                         :       14-CV-8673 (JMF)
                                                                        :
                                                                        :       MEMORANDUM OPINION
                                                                        :            AND ORDER
                                                                        :
                                                                        :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this bankruptcy appeal, Appellant Gary Bryant, proceeding *pro se*, challenges an order of the United States Bankruptcy Court for the Southern District of New York (Sean H. Lane, B.J.) denying his motion to file an untimely proof of claim, finding that his claims arising from conduct that occurred before November 29, 2011 had been discharged, and permanently enjoining him from commencing any action with respect to such claims. For the reasons explained below, the Bankruptcy Court's order is AFFIRMED.

## BACKGROUND

The relevant facts, described in more detail in the Bankruptcy Court's oral ruling (11-BK-15463 (SHL) ("Bankr.") Docket No. 12288 ("Bankr. Op.")), can be stated briefly. In November 2011, AMR Corporation and its related debtor entities, including American Airlines, filed a voluntary bankruptcy petition pursuant to Chapter 11 of the Bankruptcy Code. (Bankr. Docket No. 1). In May 2012, the Bankruptcy Court entered an order imposing a deadline — commonly known as a "bar date" — of July 16, 2012, for filing proofs of claim. (Bankr. Docket No. 2609). Two weeks later, the debtors filed an affidavit of service stating that they had served, by first class mail, notice of the bar date and a proof of claim form on Appellant. (Bankr. Docket

No. 2888 ("Service Aff.") 1-2, 215). Appellant denies receiving that notice, but it was not returned as undeliverable. (Bankr. Docket No. 12065, Ex. B. ¶ 2). The bar date was also published in ten publications, including *The New York Times* and *The Miami Herald*. (Bankr. Docket No. 3215).

In May 2013, Appellant, a former employee of American Airlines, filed a civil case in the United States District Court for the Southern District of Florida, alleging racial discrimination and retaliation. (13-CV-21667 (S.D. Fla.) ("Fla.") Docket No. 1). The District Court stayed the case pending resolution of the bankruptcy proceedings. (Fla. Docket No. 12). After the bankruptcy plan was confirmed (Bankr. Docket No. 11402), Appellant moved to reopen his case (Fla. Docket No. 13). The District Court, however, dismissed the case on March 10, 2014, holding that Appellant's claims were discharged and enjoined by the Bankruptcy Court's confirmation order. (Fla. Docket No. 30).

In light of that dismissal, Appellant filed a motion before the Bankruptcy Court on April 15, 2014, requesting leave to file an untimely proof of claim. (Bankr. Docket No. 11941). In a declaration in support of that motion, he stated that he had "never received any information or documentation that would suggest that [he] was part of th[e] Bankruptcy Proceedings" and that he had "not receive[d] a proof of service notifying [him] of th[e] Voluntary Chapter 11 Bankruptcy Proceedings and of the Bar date." (Bankr. Docket No. 12177). Following a hearing, the Bankruptcy Court denied the motion. (Bankr. Docket No. 12257). To the extent relevant here, the Bankruptcy Court held that Appellant had in fact received notice of the bar date and that he had not shown that his failure to timely file a proof of claim resulted from excusable neglect. (Bankr. Op. 14). Appellant timely filed this appeal, seeking to overturn that ruling.

**STANDARD OF REVIEW**

In general, a district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*.  *See, e.g.*, *Official Comm. of Unsecured Creditors of Quebecor World (USA) Inc. v. Am. United Life Ins. Co. (In re Quebecor World (USA) Inc.)*, 480 B.R. 468, 473 (S.D.N.Y. 2012).  A bankruptcy court's decision on a motion to file a late claim, however, is reviewed only for abuse of discretion.  *See, e.g.*, *In re Calpine Corp.*, No. 07-CV-8493 (JGK), 2007 WL 4326738, at *3 (S.D.N.Y. Nov. 21, 2007).  As the Second Circuit has explained, a bankruptcy court "exceeds its allowable discretion where its decision (1) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions, even if it is not necessarily the product of a legal error or a clearly erroneous factual finding."  *Schwartz v. Geltzer (In re Smith)*, 507 F.3d 64, 73 (2d Cir. 2007) (internal quotation marks omitted); *see also In re Tribeca Market, LLC*, 516 B.R. 254, 269-70 (S.D.N.Y. 2014) (same).

**DISCUSSION**

On appeal, Appellant essentially presents two issues for review: (1) whether the Bankruptcy Court erred in finding that he had been notified of the bar date; and (2) whether the Bankruptcy Court erred in finding that he had not shown that his failure to timely file a proof of claim was the result of excusable neglect.[1]  The Court will address each in turn.

---

[1]   Appellant frames his arguments in terms of the Bankruptcy Court's lack of jurisdiction. (*See* Br. Pls.-Appellants (Docket No. 12) ("Appellant's Br.") 21-22).  It is clear, however, that the Bankruptcy Court had jurisdiction to adjudicate whether Appellant's proof of claim should be deemed timely filed.  *See* 28 U.S.C. §§ 157, 1334; Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); *see also In re Strathmore Grp., LLC*, 522 B.R. 447, 452-53 (Bankr. E.D.N.Y. 2014) ("A party who files a proof of claim submits itself to the equitable power of the bankruptcy court to disallow its claim." (internal quotation marks omitted)).  Confusingly, Appellant also argues that "the bankruptcy court's rule that the issue of termination of long-term disability insurance has been fully litigated and resolved by the Florida

3

First, the Bankruptcy Court did not err in finding that Appellant had been properly notified of the bar date. (Bankr. Op. 5-8). On May 23, 2012, Isabel I. Baumgarten, the Senior Director of GCG, Inc., submitted an affidavit stating that GCG "caused true and correct copies of the documents identified below," which included a bar date notice and proof of claim form, "to be served, by first class mail, postage prepaid" on Appellant, among other parties. (Service Aff. 1-2; *see id.* at 215 (listing "Bryant, Gary" at the same address currently listed for Appellant on the docket in this case)). As the Bankruptcy Court correctly observed (Bankr. Op. 6), under the "mailbox rule," Baumgarten's affidavit of service created a rebuttable presumption that Appellant received the notice. *See, e.g.*, *In re Residential Capital, LLC*, No. 12-BK-12020 (MG), 2015 WL 515387, at *6 (Bankr. S.D.N.Y. Feb. 6, 2015) (applying the mailbox rule where a party claimed not to have received a bar date notice and noting that the "presumption can be raised either by evidence showing that the mail was sent through regular office procedures, or through an affidavit of the person or actually supervised or carried out the mailing"). To refute that presumption, Appellant submitted an affidavit stating that he had never received the notice. (Appellant's Br. 20; *see also* Bankr. Op. 8 (noting that Appellant had not submitted any evidence regarding the tracking of his mail)). Courts have consistently held, however, that such conclusory affidavits are insufficient to overcome the presumption of receipt. *See, e.g.*, *Residential Capital*, 2015 WL 515387, at *6 ("This presumption of receipt is very strong and can only be rebutted by specific facts and not by invoking another presumption and not by a mere

---

District Court and the United States Court of Appeal for the Eleventh Circuit, was incorrect as a matter of fact." (Appellant's Br. 22-23). Neither the proceedings before the Florida District Court nor the Bankruptcy Court involved the termination of disability benefits, however. (Plaintiff's reference to disability benefits may be due to the Bankruptcy Court's discussion of another proof of claim, filed by Lawrence Meadows, in the same oral opinion in which he discussed Plaintiff's claims. (*See* Bankr. Op. 15, 24).)

affidavit to the contrary . . . ." (internal quotation marks omitted)); *In re FairPoint Commc'ns Inc.*, 462 B.R. 75, 80 n.7 (Bankr. S.D.N.Y. 2012) (same).  Accordingly, the Bankruptcy Court did not err in finding that Appellant had properly received notice of the bar date.[2]

Nor did the Bankruptcy Court err in finding that Appellant had not demonstrated that his failure to timely file his proof of claim was the result of excusable neglect.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382 (1993) (noting that Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure "empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect'").  In determining whether a late filing should be excused, courts in the Second Circuit consider four factors: (1) the length of the delay, (2) the danger of prejudice; (3) the reason for the delay; and (4) the movant's good faith.  *See, e.g.*, *CVI GVF (Lux) Master S.a.r.l. v. Lehman Bros. Holdings Inc.*, 445 B.R. 137, 141 (S.D.N.Y. 2011) (citing *Pioneer*, 507 U.S. at 395).  Notably, the Second Circuit has "taken a hard line" in applying those factors, instructing that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule."  *In re Enron Corp.*, 419 F.3d 115, 122-23 (2d Cir. 2005) (internal quotation marks omitted).  Here, the Bankruptcy Court properly applied the four factors and the Second Circuit's guidance, and found that Appellant had not demonstrated excusable neglect.  (Bankr. Op. 9-13).

In doing so, the Bankruptcy Court cannot be said to have abused its discretion.  Aside from arguing that he did not receive notice of the bar date, Appellant sought to excuse his late

---

[2]   There is some question as to whether Appellant was a known creditor, in which case he would have had to receive actual notice, or an unknown creditor, in which case notice by publication would have been sufficient. (*See* Bankr. Op. 8-9).  Because the Court agrees with the Bankruptcy Court that Appellant received actual notice, however, it need not reach that question.

filing on the ground that he had been attempting to resolve his claim through mediation. As the Bankruptcy Court emphasized, however, those arguments could not excuse the fact that Appellant missed the bar date by more than a year and a half and that allowing his claim to go forward would disrupt the bankruptcy proceedings; not only had a bankruptcy plan already been confirmed, but the debtors had also begun to pay holders of allowed claims and equities. (*See id.* at 12). As the Bankruptcy Court reasoned, allowing Appellant's late-filed claim to go forward would prejudice the debtors by "open[ing] the floodgates to other creditors who failed to timely file their claims." (*Id.* at 12-13). *See, e.g., In re Worldcom, Inc.*, No. 05-CV-5704 (RPP), 2006 WL 2270379, at *4 (S.D.N.Y. Aug. 8, 2006) (finding that the Bankruptcy Court had not abused its discretion in denying permission to file a late proof of claim where the claim was filed more than a year after the bar date and just before the bankruptcy plan's effective date); *see also, e.g., In re Borders Grp., Inc.*, 462 B.R. 48, 51 (Bankr. S.D.N.Y. 2001) (explaining that bar dates "serve the important purposes of finality and debtor rehabilitation," as "[p]ermitting creditors and claimants to file proofs of claim at any time would make it impossible to determine with any finality the obligations of the debtor" (internal quotation marks omitted)).

## CONCLUSION

The Court has reviewed all of Appellant's arguments and finds them to be without merit. Accordingly, the order of the Bankruptcy Court is AFFIRMED. The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Appellant and to close the case.

SO ORDERED.

Date: July 14, 2015
New York, New York

_____
JESSE M. FURMAN
United States District Judge

6